No. 789

CLEVELAND RY. CO. v. MARVIN et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7084. Decided June 14, 1926.

First Publication of this Opinion.

Mauck, PJ., Middleton and Sayre, JJ., of the fourth district sitting by designation.

301. CONTRIBUTORY NEGLIGENCE— 1. Where one, in violation of ordinance, alights from street car, while latter is in motion, such action is negligence per se.

2. Such negligence does not preclude recovery, unless it was proximate cause of injury or contributed thereto.

Error to Common Pleas.
Judgment affirmed.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

Bernon, Mulligan, Keeley & LeFever, Cleveland, for Marvin.

FULL TEXT.

BY THE COURT.

The jury found that Marvin alighted from the street car while the latter was in motion, and it must be conceded that his action in this respect was a violation of the ordinance quoted and, therefore, negligence per se. It does not follow, however, that such negligence necessarily precluded a recovery. It was a question then for the jury to determine whether his negligence was the proximate cause of the injury or contributed thereto, and unless on the whole evidence it is manifest that because the car was moving Marvin was injured, or that circumstance contributed to his injury, there was no error in overruling the motion for a judgment on the special finding. It is impossible for this Court to conclude from the evidence that the fact that the car was moving when Marvin alighted had any connection with the resulting injury. In other words, we cannot conclude that the jury was clearly wrong if it determined that such circumstance had no connection with the injury, and we are bound to assume it did so find. On the record we must regard the case as coming within the doctrine of Railway and Light Company vs. Leedy, 104 OS. 487, and controlled by the law of the latter case.

That part of the general charge complained of may be subject to criticism, for the reason that it is not a complete statement of the law, but it does not appear to have been so intended. We cannot sustain the contention,

however, that it leaves the question of contributory negligence in any uncertain state. The most that may be claimed against it is that it is not a conclusive statement. However, in paragraph two on page 163 of the record, the jury was charged in plain and positive language on the question of contributory negligence. There is no error shown in the record which, in our judgment is sufficiently prejudicial to require a reversal of the judgment.

(Mauck, PJ., Middleton and Sayre, JJ., concur.)